Agreeing wholly with the decision reached in the majority opinion, the sole purpose of this concurrence is to simplify the root question presented. Was the killing of Sheriff Osborne Bell murder or was it manslaughter? Do the facts, substantially uncontradicted, support a verdict of capital murder? The answer is yes. Do the facts support a verdict of less than murder, i.e., manslaughter? The answer, in my view, is also yes. Testimony was adduced at trial that when the deputy sheriff struck Mease with a .357 magnum revolver Mease could have discharged his revolver — killing Sheriff Bell — by reflexive action. Perhaps the "probability" is that it wasn't reflexive action at all and that Mease is guilty of capital murder. But this is for a properly instructed jury to decide. The jury was entitled to weigh this testimony and reach either a murder or manslaughter verdict. Accordingly, the trial court cannot, nor can this Court, take those two verdict options away from the jury. By denying appellant's request for manslaughter instructions the jury was not properly or sufficiently instructed as a matter of law and, therefore, I would reverse and remand for a new trial.
HAWKINS, P.J., joins this opinion.